### † SAWYER *versus* LAWRENCE.

In *scire facias* against a *trustee*, the plaintiff cannot recover judgment for more than *appears* to be due on the execution issued on the original judgment.

And where such execution appears to be satisfied in *part*, by a levy upon the property of the debtor, evidence is inadmissible to show that such property did not, in fact, belong to the debtor, and that the value of it had been refunded by the plaintiff to the real owner.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

SCIRE FACIAS.

The plaintiff had sued one Williams, and summoned defendant as his trustee. On that suit defendant made a disclosure and was charged. A judgment by plaintiff was obtained, and execution issued and returned satisfied in part, by the sheriff.

The plaintiff offered to prove that the property taken and sold on the execution was not the property of Williams, but of one Wilder & als., who subsequently sued the sheriff for taking it, and recovered judgment for the whole thus taken on the execution, and that he, the plaintiff, had satisfied the same.

The documentary evidence was all before the Court, and the presiding Judge ruled that plaintiff was entitled only to the balance appearing unsatisfied on the original execution.

To this ruling plaintiff excepted.

*Fuller*, in support of the exceptions.

The plaintiff, in this mode, seeks to obtain judgment against the trustee " for the sum remaining due on the judgment against the principal defendant." R. S., c. 119, § 73, 77.

The question is, if the trustee, on *scire facias*, can avail himself of an indorsement on the execution against the principal, made by mistake, and which is no satisfaction of the judgment.

The language of the Statute is, " the sum remaining due." The judgment against the principal is in full force, and in truth, no part satisfied. *Pillsbury* v. *Smith*, 25 Maine, 432.

The whole amount of the execution is due. The Court have, by the record, *prima facia* evidence of part payment, and they have also *conclusive evidence* that it is not paid.

By the 7th §, c. 119, where the principal is out of the State, and does not appear by himself or attorney, " the trustee, having been charged, may appear in behalf of the principal, and in his name plead and defend the cause."

Here the trustee was charged upon his disclosure, in the original suit.

He was a party to the original suit. It is not a new suit, but a continuation of the old one. Will it be denied, that he may not, in defence, on *scire facias*, show the principal had paid and satisfied the debt? If so, and he offers *prima facia* evidence of it, may not the plaintiff rebut that *prima facia* evidence without reviving his judgment against the principal defendant? *Arnold* v. *Pond*, 16 Maine, 249.

It may be said, that the judgment should be revived against the principal. Our answer is, the judgment is not affected by the indorsement, it is matter subsequent to it, but not entering into it.

It is the goods of the defendant seized on execution, which satisfies it. The goods of another, seized upon it, can have no such operation, no more than if an officer, having two executions against different persons, receives satisfaction on one, and, by mistake, indorses it on another. *Scire facias* may be sued, as matter of right. 19 Pick. 433.

*Pike, contra.*

The remedy of *scire facias* against a trustee is created entirely by statute. R. S., c. 219, § 74.

But that section provides for *scire facias* in case the " execution is returned unsatisfied," and in no other. The issuing the writ depends entirely upon the return.

Of course, if an improper or erroneous return is made there are appropriate remedies; but until these are applied *scire facias* cannot issue.

Again, the trustee process is literally one of " foreign attachment." It is attaching personal property in the hands of another party. It stands on the same footing, so far as lien upon the property by virtue of the attachment is concerned, as common attachment. *Franklin Bank* v. *Bachelder*, 23 Maine, 60, and *Ex parte Foster*, 5 Law Rep. 56, there cited.

The trustee process is simply a statute assignment of property in the hands of the trustee. *Wheeler* v. *Bowen*, 20 Pick. 567.

Suppose attachment had been made on personal property

of Williams, aside from that levied on; the levy on the execution would have been an abandonment of property, except so far as was necessary to satisfy the remainder of the execution.

In this case, as in the one supposed, Sawyer had his election. He might have relied upon the trustee or upon the property. He chose the property and must abide by it.

The trustee process is ancillary to the principal one. It is not a *new* process to issue *scire facias* on an execution. It is subordinate to the principal one. *Adams* v. *Rowe*, 11 Maine, 89.

But the record shows the principal process to have been satisfied, and this is an attempt to revive the adjunct while the principal is dormant. It is acquitting the principal and convicting the accessary.

APPLETON, J. — The judgment recovered by the plaintiff against the principal debtor in the action in which the defendant on his disclosure was adjudged trustee, was satisfied in part by the sale of goods on execution, for the value of which, the officer levying the same was compelled to respond in damages to their owner. The amount which the officer was thus obliged to pay has been refunded by the plaintiff.

The judgment against the debtor in the original trustee process has never been revived on *scire facias*, but still remains satisfied in part, that is, to the amount of the goods sold by the officer on execution.

The plaintiff then commenced the present action of *scire facias* against the defendant, as the trustee of the judgment debtor, claiming to recover against him the entire amount of the original judgment.

It seems to be well settled, that *scire facias* may be issued to revive a judgment, when the execution thereon has been satisfied in whole or in part, by a sale of goods, or a levy on real estate not belonging to the judgment debtor. *Flagg* v. *Dryden*, 7 Pick. 52; *Pillsbury* v. *Smyth*, 25

Maine, 427; *Wilson* v. *Greene,* 19 Pick. 433. But in such case the debtor is a party to the proceeding and entitled to be heard.

But in *scire facias* against the trustee, the creditor revives no judgment against the debtor. The defendant in the trustee process is no party in the process to obtain judgment against the trustee. The amount of the judgment against the debtor is of no moment to the trustee. Before it is revived against the debtor it would be an anomaly to revive it against the trustee.

But this question seems to be settled by the very statute which authorizes the process. It is provided by Revised Statutes, c. 119, § 74, in cases like the present, that "the plaintiff may sue out a writ of *scire facias* against such trustee from the same Court or before the justice that rendered the judgment, to show cause why judgment and execution should not be awarded against him, and his own goods and estate, for the *sum remaining due* on the judgment against the principal defendant." The sum remaining due is to be ascertained by the judgment, or if the same has been in part satisfied, by that and the officer's return on the execution issued thereon. The sum remaining due from the principal defendant, and that for which the trustee is to be charged, is one and the same. The judgment against the debtor is satisfied in part, and has not been revived by *scire facias* against him. It cannot be revived *indirectly* in a suit against the trustee to which he is not a party.

*Exceptions overruled.*